IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RUFUS ELLINGTON,<br><br>        Plaintiff,<br><br><br><br><br><br>                vs.<br><br><br>UTAH AMERICAN ENERGY INC., a Utah<br>corporation, and MURRAY ENERGY<br>CORP., a foreign corporation,<br><br>        Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING WITHOUT<br>PREJUDICE DEFENDANT<br>MURRAY'S MOTION TO DISMISS<br>AND GRANTING PLAINTIFF'S<br>MOTION TO AMEND<br><br><br><br><br>Case No. 2:08-CV-1001 TS |

        This matter is before the Court on Defendant Murray Energy Corp.'s ("Murray") Motion to Dismiss and Plaintiff's Motion to Amend.  For the reasons discussed below, the Court will deny Murray's Motion to Dismiss without prejudice and grant Plaintiff's Motion to Amend.

## I.  BACKGROUND

        Plaintiff originally filed his Complaint against Defendants Utah American Energy Inc. ("UAE") and Murray on December 31, 2008.  The original Complaint alleged violations of Title VII on the basis of race, color, and retaliation.  Prior to serving Defendants, Plaintiff filed an Amended Complaint.

Defendant UAE filed an Answer to the Amended Complaint, while Defendant Murray sought dismissal of the Amended Complaint asserting that Plaintiff failed to exhaust his administrative remedies.  Plaintiff has failed to respond directly to the arguments contained in Murray's Motion to Dismiss.  Instead, Plaintiff sought to file a Second Amended Complaint.  In that Second Amended Complaint, Plaintiff sought to add two newly discovered parties—Genwal Resources, Inc. and West Ridge Resources, Inc.—and to "provide insight into the management of Utah American Energy, Inc., and how all of the defendants are related in operation to their parent company, Defendant Murray Energy Corp."[1]  Additionally, Plaintiff sought to delay filing a response to Defendant Murray's Motion to Dismiss until after the Motion to Amend was decided, which the Court denied.[2]

## II. DISCUSSION

A.      MOTION TO DISMISS

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII."[3]  Defendant Murray argues that Plaintiff failed to exhaust his administrative remedies by failing to name Murray in the charge he filed with the UALD and the EEOC.  The Tenth Circuit has held, however, "that omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII."[4]  Rather, a Title VII action may proceed against a defendant "where the defendant was informally referred to in the

---

[1]Docket No. 8, at 4.

[2]Docket No. 11.

[3]*Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (quotation marks and citation omitted).

[4]*Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).

body of the charge, or where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation."[5]

Courts consider the following factors in determining whether failure to name a party requires dismissal: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceeding resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.[6]

Defendant Murray's Motion fails to address any of these factors.  Further, Plaintiff's Motion to Amend seeks to add greater understanding of the interaction between the defendants named in the proposed Second Amended Complaint.  Therefore, the Court will deny Defendant Murray's Motion to Dismiss without prejudice and allow Plaintiff to file a Second Amended Complaint, addressing the above-listed factors.

---

[5]*Id*. (citations omitted)

[6]*Id*. at 1312.

B.      MOTION TO AMEND

Rule 15(a) provides that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[7]  The Rule goes on to state that "[t]he court should freely give leave when justice so requires."[8]  The Supreme Court, in *Forman v. Davis*,[9] stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."[10]

A court may deny a motion for leave to amend when it would be futile to allow the party an opportunity to amend.[11]  If an amended complaint cannot withstand a motion to dismiss, amendment would be futile.  In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[12]

For the reasons set out in relation to the Motion to Dismiss, Plaintiff is allowed to amend his complaint to address the *Romero* factors.

---

[7]Fed.R.Civ.P. 15(a)(2).

[8]*Id*.

[9]371 U.S. 178 (1962).

[10]*Id*. at 182.

[11]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

III.  CONCLUSION

It is therefore

ORDERED that Defendant Murray's Motion to Dismiss (Docket No. 5) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 7) is GRANTED.  It is further

ORDERED that Plaintiff shall file his Second Amended Complaint within thirty (30) days of this Order.  It is further

ORDERED that the hearing set for September 28, 2009, is STRICKEN.

DATED   September 17, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

5